UNITED STATES DISTRICT COURT
Eastern District of Virginia
Richmond Division

IN RE:  RONALD JOSEPH BIRINGER

Case No.:   3:09mc4

MEMORANDUM DESCRIBING AND EXPLAINING INFORMATION SOUGHT
REGARDING THE PROSECUTION OF RONALD J. BIRINGER

COMES NOW, the Petitioners, Tyquan Shearin ("Shearin"), Administrator of the Estate of Joseph R. Owens, Jr., Deceased; Constance D. Ragsdale and Otis W. Jones ("Ragsdale and Jones"), Co-Administrators of the Estate of Kathryn L. Jones, Deceased; and First Liberty Insurance Corporation ("First Liberty"), all by counsel, and, in response to the Order entered by this Court on April 2, 2009, seek the following information regarding the prosecution of Ronald J. Biringer ("Biringer") pertaining to a criminal indictment and/or file that has been sealed by this Court:

1.	Initially, the Petitioners seek confirmation and/or a ruling by this Court that Biringer may not use the Court's sealing of his criminal file as a shield or affirmative basis to avoid and/or evade providing answers to written discovery and answering questions in deposition relating to the knowledge, understanding, notice, and/or awareness by Biringer and/or R. J. Biringer Construction Company, Inc., ("Biringer Construction") of the immigration status of any of his past or current employees, including but not limited to, Carmen Alejandro Garcia-Hernandez ("Garcia-Hernandez"), Guadalupe Yerena-Nunez, Simon Bravo, Jesus Cervantes, and Gregoria Ortis. As noted in Petitioners' original motion, Garcia-Hernandez is a defendant in the underlying declaratory judgment and wrongful death actions who, while intoxicated and operating a vehicle owned by Biringer Construction, was involved in a motor vehicle on May 24,

2008, that caused the deaths of two innocent pedestrians. Thus, this request seeks affirmation and acknowledgement of the March 17, 2009, ruling by Judge Richard D. Taylor, Jr. of the Richmond Circuit Court granting Petitioner Shearin's Motion to Compel this information.

2.      As set forth in Petitioners' original Motion to Unseal File, the Petitioners seek all information in the criminal file of Biringer that may relate to the immigration status of any of its current or former employees, hiring practices as applied to Hispanic employees and/or illegal immigrants and any other information relating to the immigration status of current or former employees. *See* Petitioners Motion to Unseal File, ¶ 8.

3.      The Petitioner's seek all information related to any criminal charges and/or indictments brought against Biringer and the disposition of those charges. Petitioners allege that the nature of such charges and/or indictments as well as the disposition of those charges and/or indictments likely provided motivation and an explanation as to why Biringer denied that Garcia-Hernandez had permission to operate his company-owned vehicle at the time of the fatal accident and further alleged and/or accused Garcia-Hernandez of having stolen that vehicle at the time of said accident. In other words, Petitioners allege that the contents of the sealed file are likely to lead to the discovery of admissible evidence in the pending declaratory judgment action alleging that Garcia-Hernandez had permission to operate the vehicle owned by Biringer Construction at the time of the accident. In support of this contention, the Petitioners allege as follows:

    a. Biringer gave conflicting and contradictory testimony in his deposition taken on December 18, 2008, regarding the circumstances under which Garcia-Hernandez, other Hispanic employees, and all employees were generally allowed to take certain vehicles home overnight and/or operate for personal use;

    b. Biringer's deposition testimony explaining why he discharged the other

        members of Garcia-Hernandez' work crew, who, upon information and belief, are also illegal aliens and/or undocumented immigrants only a few days after the accident was directly contradicted by Biringer's foreman, Coleman James ("James").

    c. Biringer's deposition testimony regarding the job title and status of Garcia-Hernandez was contradicted by testimony from numerous witnesses including James and other Hispanic employees, including at least one of which, upon information and belief, is also an illegal alien and/or undocumented immigrant.

    d. Biringer's deposition testimony regarding whether he gave any permission for Garcia-Hernandez to operate the vehicle after hours and take it home overnight the weekend of the fatal accident was directly contradicted by deposition testimony provided by Garcia-Hernandez and at least one other Hispanic employee who, upon information and belief, was also an illegal alien and/or undocumented immigrant.

    e. Biringer's deposition testimony regarding the nature of his conversations with Garcia-Hernandez on the day before and the day of the subject accident was directly contradicted by deposition testimony from both Garcia-Hernandez and testimony from a Hispanic co-worker who, upon information and belief, is believed to have been an illegal alien and/or undocumented immigrant.

    4. Thus, the Petitioners contend that Biringer's allegations that Garcia-Hernandez did not have permission to operate the vehicle owned by Biringer Construction at the time of the accident were motivated by an attempt to avoid further criminal penalties related to the charges and/or indictments which are currently under seal and/or to avoid violating any terms and/or

conditions related to the disposition of those charges and/or indictments and to escape any new charges related to conduct that is similar to the actions that led to those charges and/or indictments.

5. The Petitioners seek all information regarding any representations Biringer made to the Court or the prosecuting attorney regarding whether Biringer Construction employed any illegal aliens other than, or in addition to, those who were arrested and/or charged at Fort Lee or were otherwise associated with the charges and/or indictments brought against Biringer between January and March 2008.

6. The Petitioners seek all information regarding any assurances, stipulations, vows or other statements Biringer made related to whether Biringer Construction would cease hiring or employing illegal aliens following the indictments and/or charges that are the subject of the Court's sealed file.

7. The Petitioners seek the terms of any plea agreement or disposition of the indictments or charges that mention or otherwise involve any of the following former employees of Biringer Construction, each of whom was still employed by Biringer Construction as of the date of the fatal motor vehicle accident in question, is a possible witness in the declaratory judgment action now pending in Richmond Circuit Court and, upon information and belief, is an illegal alien and/or undocumented immigrant: Garcia-Hernandez, Simon Bravo, Jesus Cervantes, Gregorio Ortis, and Guadalupe Yerena-Nunez.

8. Without the ability to completely review all documents contained in the file related to the prosecution of Biringer, Petitioners cannot know whether in fact there is documentation and/or other evidence contained therein supporting the Petitioners' theory and/or allegations related to the motivations of Biringer to falsely allege that Garcia-Hernandez did not have permission to operate a vehicle owned by Biringer Construction at the time of the accident.

9. It is the expectation of the Petitioners that the documents relating to the

prosecution of Biringer will also contain identifying information related to current or former employees of Biringer and/or Biringer Construction who were charged with various immigration violations. Petitioners seek those identities in order to contact and/or interview and/or depose those individuals for purposes of obtaining additional information related to the policies and procedures of Biringer and Biringer Construction regarding the personal use of company-owned vehicles by all employees, including but not limited to Hispanic employees and employees who are illegal immigrants and/or undocumented workers.

10. The Petitioners agree in advance to allow the Court to redact the names of any undercover agents and/or officers or other information related to such individuals that might otherwise jeopardize any ongoing investigations.

WHEREFORE, the Petitioners, by counsel, request that the Court unseal the Court's file related to the charges and/or indictments filed against Ronald Joseph Biringer as set forth herein.

Respectfully submitted,

TYQUAN JAMAL SHEARIN,
Administrator of the Estate of
Joseph R. Owens, Jr., Deceased

By Counsel

_____/s/_____
Craig B. Davis, Esquire
Va. Bar ID No. 38471
Attorney for Petitioner Tyquan Shearin
EMROCH & KILDUFF, LLP
3600 W. Broad Street, Suite 700
P. O. Box 6856
Richmond, VA 23230-0856
Phone: (804) 358-1568
Fax: (804) 353-5817
cdavis@emrochandkilduff.com

        Charles H. Cuthbert, Jr., Esquire
        Va. Bar ID No. 14519
        Attorney for Petitioners Ragsdale and Jones
        CUTHBERT LAW OFFICES
        220 North Sycamore Street
        Petersburg, VA 23803
        Phone: (804) 733-3100
        Fax: (804-732-4658

        E. Lewis Kincer, Esquire
        Va. Bar ID No. 24148
        Attorney for Petitioner First Liberty
          Insurance Corp.
        MACAULAY & BURTCH, P.C.
        1015 East Main Street, Second Floor
        Richmond, VA 23223-0088
        Phone: (804) 649-8848
        Fax: (804) 649-3849
        lkincer@macbur.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that on the 9th day of April, 2009, I will electronically file the foregoing with the Clerk of Court using the CM/EDF system, which will then send a notification of such filing (NEF) to the following:

E. Lewis Kincer, Esquire
MaCaulay & Burtch, P.C.
1015 East Main Street, Second Floor
Richmond, VA 23223-0088
*Counsel for First Liberty Insurance Corp.*

        And I hereby certify that I will mail the document by U.S. mail to
        the following non-filing users:

Charles H. Cuthbert, Jr., Esq.
Cuthbert Law Offices
220 North Sycamore Street
Petersburg, VA 23803
*Counsel for Petitioners Ragsdale and Jones*

S. Michael Glass, Esq.
Sinnott, Nuckols & Logan, P.C.
13811 Village Mill Drive
Midlothian, Virginia 23114
*Counsel for R. J. Biringer Construction Co., Inc.*

6

Henry M. Massie, Jr.
Taylor and Walker, P.C.
6800 Paragon Place, Suite 626
Post Office Box 6629
Richmond, Virginia 23230
*Counsel for Erie Insurance Company*

Jennifer Lee Parrish, Esq.
Parrish, Houck & Snead, PLC
701 Kenmore Avenue, Suite 100
Post Office Box 7166
Fredericksburg, VA 22404
*Counsel for Defendant Garcia-Hernandez*

Jayne B. Randall, Esq.
Office of GEICO Staff Counsel
301 Concourse Boulevard, Suite 330
Glen Allen, VA 23059
*Counsel for GEICO*

John Gilbody, Esquire
Geoffrey R McDonald & Associates
3315 West Broad Street
Richmond, VA 23230
*Counsel for Mark Johnson*

Trent S. Kerns, Esquire
Allen, Allen, Allen & Allen
9509 Hull Street Road
Richmond, VA 23236
*Counsel for Victoria Delaney*

Sara E. Chase, Esquire
Assistant United States Attorney
U.S. Department of Justice
1800 Main Street Centre
600 East Main Street
Richmond, VA 23219

_____/s/_____
Craig B. Davis, Esquire
Va. Bar ID No. 38471
Attorney for Petitioner Tyquan Shearin
EMROCH & KILDUFF, LLP
3600 W. Broad Street, Suite 700
P. O. Box 6856
Richmond, VA  23230-0856
Phone: (804) 358-1568
Fax: (804) 353-5817
cdavis@emrochandkilduff.com
